# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

### LETTER OPINION

July 19, 2005

Fredrick Stampone
347 7th Street
Carlstadt, NJ 07072
*Pro Se*

Tim Stahl
Lamico America
37-10 Broadway
Fair Lawn, NJ 07410
*Pro Se*

      Re:    Stampone v. Stahl, et al.,
             <u>Civil Action No. 05-1921 (WJM)</u>

Dear Litigants:

      Defendant Tim Stahl brings a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging that the Complaint fails to state a claim for which relief can be granted.[1] Plaintiff Fredrick Stampone does not oppose this motion. The Court resolves this matter on the papers. Fed. R. Civ. P. 78. For the reasons set forth below, defendant's motion is **GRANTED,** and plaintiff's Complaint is **DISMISSED**.

### BACKGROUND[2]

      Plaintiff filed his Complaint with this Court pursuant to federal copyright, trademark, and civil rights laws. On March 25, 2005, plaintiff delivered a computer disk to defendants, which contained artwork that he wanted them to copy. Plaintiff alleges that defendants infringed on his

---

[1] In this unique situation, the Court is dealing with two *pro se* parties. Consequently, their pleadings are liberally construed.

[2] All facts are taken from the Complaint.

copyright by not returning plaintiff's original computer disk when asked and then using it to reproduce plaintiff's artwork.

Defendants were hired by plaintiff to make fifty copies of plaintiff's artwork and laminate those copies. When plaintiff came to pick up the copies, he was unhappy with the colors, but decided to give defendant another chance to get it right. On March 31, 2005, plaintiff returned to the store to pick up the copies. Again, plaintiff rejected them because the colors were still not right. Plaintiff then agreed to give defendants one more final try.

The next day Stahl called plaintiff to inform him that he could not get the colors right, and therefore, plaintiff should come to the store to pick up his disk. Plaintiff went to pick up his disk. However, the disk that was returned to him was not the same one that he had given Stahl. Plaintiff demanded his original disk back. Stahl explained that another employee may have taken it, and that he would have it returned by the following day. On April 4, 2005, plaintiff sent a certified letter to Stahl demanding the name and phone number of the person who was in possession of his disk. The following day, Stahl responded with the name and phone number of an employee identified as "Gill." Plaintiff then contacted Gill, who told plaintiff that the disk had been thrown away. Plaintiff responded by saying to Gill that he had better find the disk or else plaintiff would sue. Plaintiff proceeded to send another letter demanding the return of his disk, reiterating that unless it was returned he would sue defendants. Plaintiff then filed suit in this Court. Stahl filed a motion to dismiss, alleging that plaintiff's Complaint fails to state a claim. That motion is now before the Court.

## DISCUSSION

**A.** **Standard of Review**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Warth v. Seldin,* 422 U.S. 490, 501 (1975). "While a court will accept well-plead allegations as true for purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations." *In re Cendant Corp. Sec. Litig.,* 76 F. Supp. 2d 539, 542 (D.N.J. 1999). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell,* 688 F.2d 940, 941 (3d Cir. 1982).

In the case of a *pro se* litigant, the court must "find that it is clear 'beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Zynn v. O'Donnell,* 688 F.2d at 941 (quoting *Haines v. Kerner,* 404 U.S. 519, 521 (1972)).

B.      **The Complaint Fails to State a Claim**

A court deciding a motion to dismiss needs to determine whether the allegations presented state a legal claim.  *Arista Records, Inc. v. Flea World, Inc.,* 356 F. Supp. 2d 411, 424 (D.N.J. 2005) (quoting *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990)). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing the pleader is entitled to relief."  *Warren v. Fox Family Worldwide, Inc.,* 171 F. Supp. 2d 1057, 1061 (C.D. Cal. 2001) (citations omitted).  Rule 8 has been expressly applied to copyright actions.  *See Gee v. CBS, Inc.,* 471 F. Supp. 600, 643 (E.D. Pa. 1979); *Flynn v. Health Advocate, Inc.*, 2004 WL 1588235, *4 (E.D. Pa. July 8, 2004); *Sharp v. Patterson*, 2004 WL 2480426, *12 (S.D.N.Y. Nov. 3, 2004).  To be sufficient under Rule 8, plaintiff needs to allege "which specific original work is the subject of the copyright claim, that plaintiff owns the copyright, that the work in question has been registered in compliance with the statute and by what acts and during what time defendant has infringed the copyright."  *Gee,* 471 F. Supp. at 643.  Plaintiff's allegations have failed to meet the minimal Rule 8 burden.

The first three elements of the pleading requirement deal with the plaintiff's ability to prove ownership of the copyright.  In this case, the Court need not determine the adequacy of plaintiff's allegations concerning those elements.  Rather, the Court will skip ahead to focus on the fourth element, which requires the complaint to set out particular infringing acts with some specificity.  *See Marvullo v. Gruner & Jahr,* 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000).  Broad sweeping allegations of infringement do not comply with Rule 8.  *Id.*  For a violation of a copyright to occur, the defendant must have copied the plaintiff's work in the course of the defendant's business without the plaintiff's approval.  *Major League Baseball Promotion Corp. v. Colour-Tex, Inc.,* 729 F. Supp. 1035, 1039 (D.N.J. 1990).  Based on the Complaint, all copying by Stahl, and the other defendants, was done at the insistence of plaintiff.  Plaintiff does not allege that Stahl or the other defendants copied any of plaintiff's work without authorization.

More specifically, plaintiff fails to allege any specific acts that would lead the Court to find that there was an infringement of his alleged copyright.  Plaintiff only mentions that by not returning the disk, Stahl was using it to steal and reproduce plaintiff's artwork. (Compl. at ¶ 14). But such an allegation is "too broad and sweeping to satisfy Rule 8."  *Marvullo,* 105 F. Supp. 2d at 230.  Plaintiff fails to allege any specific acts or times where the alleged infringement occurred.  In sum, plaintiff's Complaint, which fails to allege with any specificity acts of copyright infringement, fails to state a copyright claim.

Plaintiff's Complaint alleges a violation of trademark laws.  That allegation, however, stands alone; it is not supported by any additional factual allegations that could support a trademark infringement suit.  A trademark violation arises when the use of a similar mark by defendants is likely to cause confusion concerning the source and origin of the goods.  *See Opticians Ass'n of Am. v. Independent Opticians of Am.,* 920 F.2d 187, 192 (3d Cir. 1990). Because plaintiff's Complaint only alleges a legal conclusion of trademark infringement, it fails to state a trademark claim.

Lastly, plaintiff's Complaint asserts defendants violated his civil rights. Like his trademark claim, this claim has no factual support; the Complaint merely asserts a legal conclusion. Therefore, the Court concludes that the Complaint fails to state a civil rights claim.

**C.    Jurisdiction**

Federal courts are under a continuing obligation to ensure that subject matter jurisdiction exists. Rule 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Because the Complaint appears to allege that all parties are citizens of New Jersey, there is no diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). Thus, plaintiff's Complaint must be predicated upon federal question jurisdiction. Federal question jurisdiction gives the district courts original jurisdiction for all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Section 1331 requires that a federal question be presented on the face of the plaintiff's well-pleaded complaint. *Gateway 2000 v. Cyrix Corp.,* 942 F. Supp. 985, 989 (D.N.J. 1996). In the present case, plaintiff's Complaint relies on federal copyright, trademark and other civil rights laws to establish jurisdiction. However, because these claims are legally insufficient, no federal question remains in this case.[3] Thus, this case must be dismissed for lack of jurisdiction.

## CONCLUSION

For the aforementioned reasons, defendant's motion to dismiss is granted and plaintiff's Complaint is dismissed.

An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini  
**William J. Martini, U.S.D.J.**

---

[3] Although plaintiff may have a cause of action in state court, this Court need not and will not address the merits of those claims.